# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **MARK TOWNLEY, Individually and For Others Similarly Situated,** | Case No. 4:20-cv-03115 |
| v. | **JURY TRIAL DEMANDED** |
| **BRUNEL ENERGY, INC.** | **COLLECTIVE ACTION** |

## COMPLAINT

### SUMMARY

1. Brunel Energy, Inc. (Brunel) failed to pay Mark Townley (Townley) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Brunel paid Townley and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. Townley brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. Brunel's United States headquarters are in Houston, Texas, in this District and Division.

### THE PARTIES

7. During the relevant period, Townley was an hourly employee of Brunel.

8. Throughout his employment with Brunel, Townley was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

9. His written consent is attached herein as <u>Exhibit A</u>.

10. Townley brings this action on behalf of himself and other similarly situated workers who were paid by Brunel's "straight time for overtime" system.

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Brunel during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

12. Townley seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

13. Brunel may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St, Suite 900, Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

14. At all times hereinafter mentioned, Brunel was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Brunel was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Brunel was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. Brunel has and had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

18. At all times hereinafter mentioned, Townley and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

**THE FACTS**

19. Brunel provides staffing solutions to projects ranging from energy, oil and gas, infrastructure, and mining industries.

20. In order to provide services to its clients, Brunel hires employees it pays on an hourly basis.

21. Townley worked for Brunel as an Instrument Commissioning Supervisor.

22. Townley conducted inspections and performed quality assurance.

23. Townley was paid $110 an hour for every approved hour worked.

24. Townley was employed by Brunel from March 2018 until May 2020.

25. Townley was an hourly employee of Brunel.

26. Townley was not paid a guaranteed salary.

27. Townley was staffed by Brunel to the Cameron LNG project in Lake Charles, Louisiana.

28. Townley reported the hours he worked to Brunel on a regular basis.

29. If Townley worked under 40 hours, he was only paid for the hours he worked.

30. But Townley would regularly work more than 40 hours in a week.

3

31. In fact, Townley routinely worked 50-60 or more hours a week.

32. The hours Townley worked are reflected in Brunel's payroll records.

33. Brunel paid Townley the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

34. Brunel did not pay Townley overtime for all hours worked in excess of 40 hours in a single workweek.

35. Rather than receiving time and half as required by the FLSA, Townley only received "straight time" pay for overtime hours worked.

36. This "straight time for overtime" payment scheme violates the FLSA.

37. Brunel was aware of the overtime requirements of the FLSA.

38. Brunel nonetheless failed to pay certain hourly employees, such as Townley, overtime.

39. Townley and the Putative Class Members perform job duties in furtherance of the power, project management, and oil and gas industry business sectors and are subjected to similar compensation practices.

40. Townley and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

41. Townley and the Putative Class Members regularly worked in excess of 40 hours each week.

42. Brunel did not guarantee Townley and the Putative Class Members a salary.

43. Brunel paid Townley and the Putative Class Members "straight time for overtime."

44. Brunel failed to pay Townley and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

45. Brunel knew, or acted with reckless disregard for whether, Townley and the Putative Class Members were paid in accordance with the FLSA.

46. Brunel's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

47. The illegal pay practices Brunel imposed on Townley were imposed on the Putative Class Members.

48. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

49. Numerous other individuals who worked with Townley were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

50. Based on his experiences and tenure with Brunel, Townley is aware that Brunel's illegal practices were imposed on the Putative Class Members.

51. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

52. Brunel's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

53. Townley's experiences are therefore typical of the experiences of the Putative Class Members.

54. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

55. Townley has no interests contrary to, or in conflict with, the Putative Class Members.

56. Like each Putative Class Member, Townley has an interest in obtaining the unpaid overtime wages owed under federal law.

57. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Brunel.

58. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

59. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Brunel will reap the unjust benefits of violating the FLSA.

60. Furthermore, even if some Putative Class Members could afford individual litigation against Brunel, it would be unduly burdensome to the judicial system.

61. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Brunel, and to the Court.

62. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

63. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Brunel required Townley and the Putative Class Members to work more than 40 hours during individual work weeks;

    b. Whether Brunel's decision to pay Townley and the Putative Class Members straight time for overtime was made in good faith;

    c. Whether Brunel paid Townley and the Putative Class Members on a salary basis;

        d.      Whether Brunel failed to pay Townley and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

        e.      Whether Brunel's violation of the FLSA was willful; and

        f.      Whether Brunel's illegal pay practices were applied to Townley and the Putative Class Members.

64. Townley and the Putative Class Members sustained damages arising out of Brunel's illegal and uniform employment policy.

65. Townley knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

66. Townley will fairly and adequately represent and protect the interests of the Putative Class Members.

67. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION

68. By failing to pay Townley and the Putative Class Members overtime at one-and-one-half times their regular rates, Brunel violated the FLSA's overtime provisions.

69. Brunel owes Townley and the Putative Class Members overtime pay at the proper overtime rate.

70. Because Brunel knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Brunel owes these wages for at least the past three years.

71. Brunel is liable to Townley and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

72.     Townley and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

73.     Townley demands a Jury trial.

## PRAYER

74.     Townley prays for relief as follows:

    a.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

    b.     A judgment finding Brunel liable to Townley and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

    c.     An order awarding attorneys' fees, costs, expenses, and judgment interest; and

    d.     An award of such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
Fed. ID No. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed. ID No. 1093163
State Bar No. 24078444
**Richard M. Schreiber**
Fed. ID No. 705430
State Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
mjosephson@mybackwages.com
rschreiber@mybackwages.com

**AND**


**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE OF PLAINTIFFS AND THE PUTATIVE CLASS MEMBERS**