United States District Court
Southern District of Texas
**ENTERED**
December 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK OWNLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-03115 |
| | § | |
| BRUNEL ENERGY, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

Before the Court is the defendant's, Brunel Energy, Inc.'s ("Brunel"), motion to compel arbitration. (Dkt. No. 9). The plaintiff, Mark Townley, filed a response (Dkt. No. 13), and Brunel has filed a reply (Dkt. No. 16). After having carefully considered the motion, response, reply, the record, and the applicable law, the Court determines that Brunel's motion to compel arbitration should be **GRANTED**.

**II.  BACKGROUND**

Brunel provides staffing services to companies in the energy and industrial sector. In September 2017, Townley, a Louisiana resident, signed a Contractor Agreement with Brunel (the "2017 Agreement") and thereby agreed to provide instrument inspection and quality assurance services to Brunel's clients as an hourly employee of Brunel. Townley signed an amendment to the 2017 Agreement in September 2018 (the "2018 Amendment").

Townley subsequently brought this putative collective action against Brunel for allegedly violating the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA" or "the Act"). Townley alleges that he and other similarly situated employees were paid the same hourly rate for hours worked in excess of 40 hour per work week. Brunel now asks the Court to compel this action to arbitration and stay the case pending arbitration proceedings.

### III. THE PARTIES' CONTENTIONS

Brunel notes that Appendix VI to Schedule C of the 2018 Amendment ("Appendix VI") contains an arbitration agreement, which states, in relevant part:

> Brunel and Contractor agree that any dispute, controversy or claim arising out of or related to in any way to the Parties' working relationship or termination of that relationship, including this Agreement or any breach of this agreement, shall be submitted to and decided by final and binding arbitration in Harris County, Texas USA . . . . Arbitration shall be administered under the laws of the American Arbitration Association ("AAA") in accordance with the AAA's Employment Rules in effect at the time the arbitration is commenced.

Section 14.3 of the 2017 Agreement also contains what is commonly referred to as a "delegation clause," which provides that "[a]ny dispute arising in contract, in tort, or at law which may arise in connection with the Agreement, or in the interpretation, validity, breach or termination of the Agreement or any provision thereof shall be exclusively referred to and finally be resolved in arbitration[.]" Citing both provisions, Brunel argues that an arbitrator must adjudicate not only Townley's FLSA claim but also threshold questions such as whether the arbitration agreement is valid and whether it encompasses Townley's claim. Townley challenges the validity of the arbitration agreement, arguing

that the 2017 Agreement enables Brunel to unilaterally terminate its obligation to arbitrate and that the arbitration agreement is therefore illusory. Townley argues that the same logic invalidates any delegation of threshold questions to an arbitrator.

### IV. ANALYSIS AND DISCUSSION

The Federal Arbitration Act permits an aggrieved party to file a motion to compel arbitration when an opposing "party has failed, neglected, or refused to comply with an arbitration agreement." *Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F3d 490, 493 (5th Cir. 2006) (citing 9 U.S.C. § 4). Where a party resisting arbitration attacks an arbitration agreement's validity or enforceability, rather than its formation or existence, such an argument must be heard by an arbitrator if the arbitration agreement contains a valid delegation clause. *Arnold v. Homeaway, Inc.*, 890 F3d 546, 550 (5th Cir. 2018); *Maravilla v. Gruma Corp.*, 783 Fed. App'x 392, 395–96 (5th Cir. 2019). A delegation clause is valid if it "'clearly and unmistakably' provides for the validity and enforceability of the arbitration agreement to be decided by the arbitrator." *Id.* (citing *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012)). *See also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator . . . a court possesses no power to decide the arbitrability issue.").

Townley's argument that the arbitration agreements contained in the 2017 Agreement and the 2018 Amendment are illusory is a challenge to the validity, not the formation or existence, of the arbitration agreements. *Homeaway*, 890 F.3d at 551. Furthermore, the parties' intent to delegate to an arbitrator threshold questions of

arbitrability and the validity of the arbitration agreements, themselves, is clear and unmistakable. Section 14.3 of the 2017 Agreement delegates to an arbitrator "[a]ny dispute . . . which may arise in connection with the Agreement, or *in the interpretation, validity,* breach or termination of the Agreement *or any provision thereof* . . . ." Additionally, Appendix VI expressly incorporates the AAA's Employment Rules, which provide that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." An arbitration agreement's "express adoption of [the AAA] rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Petrofac*, 687 F.3d at 675. Accordingly, the Court must stay this action and compel the matter to arbitration.

V.  **CONCLUSION**

Based on the foregoing analysis and discussion, Brunel's motion to compel arbitration is **GRANTED**. This case is **STAYED** pursuant to 9 U.S.C. § 3, pending the completion of arbitration proceedings. The Court hereby administratively closes this case but retains jurisdiction to enforce the arbitration award, if appropriate.

It is so **ORDERED**.

SIGNED on this 14th day of December, 2020.

_____
Kenneth M. Hoyt
United States District Judge